**Jeremy Amin NYUWA, Petitioner–Appellant,**

v.

**FIELD OFFICE DIRECTOR, Immigration and Customs Enforcement, Portland Oregon; et al., Respondents–Appellees.**

Nos. 16–35099
15–35810

United States Court of Appeals,
Ninth Circuit.

Submitted November 15, 2017 *

NOVEMBER 20, 2017

Jeremy Amin Nyuwa, Portland, OR, pro se.

James Edward Cox, Jr., Kelly A. Zusman, Assistant U.S., Assistant U.S., DOJ–USAO, Portland, OR, for Respondents–Appellees.

Before: CANBY, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

In these consolidated appeals, Jeremy Amin Nyuwa, a native and citizen of Nigeria, appeals pro se from the district court's summary judgment in his action appealing from the Administrative Appeals Office's order dismissing his appeal from Immigration and Customs Enforcement's determination that he had breached his immigration delivery bond, and the district court's decision declining to disturb the grant of summary judgment on reconsideration. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of a motion for summary judgment and review for abuse of discretion a motion for reconsideration. *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 954 (9th Cir. 2013). We affirm.

The district court properly granted summary judgment, where Nyuwa failed to raise a genuine dispute of material fact regarding the determination that he had breached his bond. The bond agreement was conditioned upon Nyuwa's appearance "upon each and every written request," a written request for his presence was made,

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and he failed to appear when and where requested. *See* 8 C.F.R. § 103.6(e) ("A bond is breached when there has been a substantial violation of the stipulated conditions."); *accord Ruiz–Rivera v. Moyer*, 70 F.3d 498, 501 (7th Cir. 1995) (the primary objective of a delivery bond is to produce the alien whenever and wherever requested by the agency). Accordingly, the district court did not abuse its discretion in declining to disturb its decision on reconsideration.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).